SEABURY, J.  The plaintiff was the lessee of a part of the premises No. 209 William street, which he sublet to Furrer & Carey, Incorporated.  The evidence is very unsatisfactory as to who actually occupied the basement of these premises.  Furrer & Carey was adjudicated a bankrupt on December 21, 1908, and the defendant was duly appointed receiver of the estate of the insolvent corporation.  The evidence does not establish that the defendant took possession of or occupied the basement of the premises after he was appointed receiver. Notwithstanding this condition of the evidence, the court below has rendered judgment against the defendant individually for the rent of the basement.  In the absence of proof that the defendant took possession of the basement of the premises, or that he exceeded his authority as receiver, or that he entered into any personal obligation to pay the rent, the defendant could not be held individually liable for the rent of the basement.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.  All concur.

---

(65 Misc. Rep. 64.)

### MARKGRAF v. FELLOWSHIP OF SOLIDARITY.

(Supreme Court, Appellate Division, Second Department.  November 24, 1909.)

1. INSURANCE (§ 388*) —NONPAYMENT OF PREMIUMS—FORFEITURE.

   The provision in a life policy calling for the payment of the annual premium in advance was modified by insurer's agreement to receive it in monthly installments.  The course of business between insurer and insured was to receive the installments at any time during the month up to the last day thereof.  The insurer sent to insured a notice stating that the payment of an installment to carry the policy for the month ending September 30th must be made on or before the last day of August.  Insured died August 11th, without having paid the installment.  *Held*, that insurer could not forfeit the policy for failure to pay the monthly installment on the 1st of the month.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1026–1035; Dec. Dig. § 388.*]

2. INSURANCE (§ 310*)—NONPAYMENT OF PREMIUMS—FORFEITURE.

   Where insurer attempted to collect a monthly installment of a premium, notwithstanding the failure of insured to pay the same on the 1st of the month, the refusal of insurer to pay, accompanied by his statement that he intended to give up the insurance, as his wife, the beneficiary, wished him to do so, did not justify a forfeiture of the policy, in the absence of insurer taking formal steps to forfeit the policy.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 703, 761; Dec. Dig. § 310.*]

Appeal from Trial Term, Kings County.

Action by Lydia Markgraf against the Fellowship of Solidarity. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Affirmed.

The following is the opinion of Mr. Justice Kelly at Trial Term:

At the conclusion of the trial, both parties moved for the direction of a verdict.  It appears that the defendant agreed with the assured that the premium should be paid in monthly installments of $11.10, half of which, $5.55, was payable in cash, and the balance charged against the assured.  The policy was issued April 1, 1907.  The assured died August 11, 1907.  The question to be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

decided is whether he was a member of the defendant association at the date of his death.

Defendant claims that he had not paid the installments necessary to carry the insurance over the month of August, 1907. It is not disputed that the installments necessary to continue the insurance to July 31, 1907, were paid. The plaintiff beneficiary claims that the assured was not in default at the date of his death, August 11th, because he had the entire month of August in which to pay the installment for that month. Subsequent to the death of the assured, she tendered the installment of August; but defendant declined to receive it. While it is true that the policy calls for the payment of the annual premium in advance, this provision is modified by defendant's agreement to receive it in monthly installments; and it is undisputed that the course of business between defendant and deceased was to receive the installments at any time during the month, up to the last day of the month. It was in this way that the deceased made the four payments for April, May, June, and July, and the defendant sent him a notice, Exhibit 6, that a payment of another installment must be made "on or before the last day of August, 1907, * * * in order to continue your membership with benefits of policy No. 2780 for month ending September 30, 1907." It is evident that by its course of dealing with the assured the defendant is estopped from insisting upon a forfeiture because of the policy holder's failure to pay the particular premium on the 1st of the month. Kelly v. Security Mutual Life Ins. Co., 106 App. Div. 352, 94 N. Y. Supp. 601; De Frece v. Insurance Co., 136 N. Y. 144, 32 N. E. 556; Kenyon v. K. T. & M. M. A. Ass'n, 122 N. Y. 247, 25 N. E. 299.

The evidence offered by defendant that deceased some time in August stated that he intended to give up the insurance, or more correctly stated that his wife, the present plaintiff, did not wish him to continue it, will not defeat the claim. It is evident, from the attempt to collect the premium after August 1st, that defendant regarded the deceased as still in membership, notwithstanding his failure to pay upon the 1st of the month, and his refusal to pay did not forfeit his membership ipso facto. The defendant took no formal steps to forfeit his policy, and, as already suggested, by its course of dealing with him justified a belief that he could pay the installment at any time during the month.

A verdict is therefore directed for the plaintiff for the amount of the policy, with interest, less whatever sums are chargeable against the same.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

Miles M. Dawson, for appellant.

Max Soloman, for respondent.

PER CURIAM. Judgment and order affirmed, with costs, on the opinion of Mr. Justice Kelly at Trial Term.

---

MACHIMOWITZ v. FINE et al.

(Supreme Court, Appellate Term. November 30, 1909.)

1. USURY (§ 145*)—PENALTY.
   The finding on the defense of usury being for defendant, judgment should be for him, and not for plaintiff for the amount of the loan, less the usurious interest paid.
   [Ed. Note.—For other cases, see Usury, Dec. Dig. § 145.*]

2. COURTS (§ 189*)—MUNICIPAL COURT—CORRECTION OF JUDGMENT.
   Amendment of the judgment on motion, after trial, by increasing the amount thereof, amounting to a reversal on the material issue from a find-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes